**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|   |   |   |
|---|---|---|
| R. RODERICK PORTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:07-cv-372 (LO/TCB) |
| PROVIDENT BANKSHARES CORP., | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiffs' Motion for Summary Judgment and Order for Advancement of Legal Expenses (Dkt. 7) and Defendant's Cross Motion for Partial Summary Judgment (Dkt. 13). This civil action for declaratory judgment arises out of Defendant's refusal to advance legal fees and expenses to Plaintiffs, which Plaintiffs contend is a violation of the parties' agreement. Plaintiffs incurred these fees when they retained counsel in connection with an investigation by the United States Attorney into certain loans dispersed while Plaintiffs were employed by Defendant's predecessor. For the reasons stated herein, the Court finds that Plaintiffs are entitled to advancement under the Merger Agreement and entitled to reimbursement for legal fees and expenses related to bringing this action.

In the Complaint, Plaintiffs allege five counts against Defendant. In Count I, Plaintiffs claim that they are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201. In Count II, Plaintiffs claim that Defendant materially breached a contractual obligation to advance the payments for legal fees and expenses. In Count III, Plaintiffs claim that Defendant's refusal to

advance payments constitutes anticipatory breach and repudiation of its duty.  In Count IV, Plaintiffs claim that Defendant, as a successor in interest to S.F. Bank, Plaintiffs' former employer, has assumed S.F. Bank's obligation to advance legal expenses and by failing to pay has materially breached its obligations under the S.F. Bank Articles of Incorporation.  In Count V, Plaintiff Porter claims that Defendant, as a successor in interest to Southern Financial, Plaintiff Porter's former employer, has materially breached its obligations under the Southern Financial Articles of Incorporation.  As a result, Plaintiffs have suffered present and continuing damages in excess of $75,000 for legal fees associated with the ongoing investigation by the U.S. Attorney.  Consequently, Plaintiffs ask this Court to order Defendant to advance legal expenses, pursuant to Va. Code. Ann. § 13.1-700.1(A), and to pay fees incurred in obtaining this order, pursuant to Va. Code Ann. § 13.1-700.1(B).

      This Court has subject matter jurisdiction over Plaintiffs' Complaint pursuant to 28 U.S.C. § 1332(a) (2000).  The individual Plaintiffs are citizens of Virginia and Defendant is a Maryland corporation with its principal place of business in Baltimore, Maryland.  Thus, there is complete diversity and the amount in controversy exceeds $75,000.

**I. Background**

      On November 3, 2003, pursuant to a Merger Agreement, Defendant Provident Bankshares Corporation acquired Southern Financial Bancorp ("Southern Financial") and Southern Financial Bank ("S.F. Bank").  Prior to the acquisition, Southern Financial was a Virginia corporation and S.F. Bank was Southern Financial's wholly-owned subsidiary.  Southern Financial and S.F. Bank were each governed by their own Articles of Incorporation

before the merger. In the past, Plaintiff R. Roderick Porter was an officer and director of both Southern Financial and S.F. Bank. Plaintiff Linda Sandridge was an officer of S.F. Bank from approximately 1991 until the merger in 2003.

**A. Advancement Provisions of the Merger Agreement and Articles of Incorporation**

Section 6.9 of the Merger Agreement addresses the issue of indemnification. Section 6.9(a) specifically provides that during the relevant period, Defendant:

> shall indemnify and hold harmless each present and former director and officer of Southern Financial or an [sic] Southern Financial Subsidiary, as applicable, . . . against any costs or expenses (including reasonable attorneys' fees), judgments, fines, losses, claims, damages or liabilities incurred in connection with any . . . investigation, whether civil, criminal, administrative or investigative, . . . arising in whole or in part out of or pertaining to the fact that he or she was a director, officer, employee, fiduciary or agent of Southern Financial or any Southern Financial Subsidiary . . . , <u>to the fullest extent</u> which such Indemnified Parties would be entitled under the Articles of Incorporation of Southern Financial or the equivalent document of any Southern Financial Subsidiary, as applicable, in each case as in effect on the date hereof.

Pl.'s Mot. for Summ. J., Exh. 1 at 34-35 (emphasis added).

In order to claim rights under Section 6.9, a party must comply with the triggering provisions of Section 6.9(b). Upon learning of any investigation, Section 6.9(b) requires that the party seeking to claim indemnification notify Defendant, as the Indemnifying Party. Upon such notification, Section 6.9(b) states, among other things, that:

> (i) Indemnifying Party shall have the right to assume the defense thereof and the Indemnifying Party shall not be liable to such Indemnified Parties for any legal expenses of other counsel or any other expenses subsequently incurred by such Indemnified Parties in connection with the defense thereof, except that <u>if the Indemnifying Party elects not to assume</u> such defense or counsel for the Indemnified Parties advises that there are issues which raise conflicts of interest between the Indemnifying Party and the Indemnified Parties, <u>the Indemnified Parties may retain counsel</u> which is reasonably satisfactory to the Indemnifying

3

>Party, and <u>the Indemnifying Party shall pay</u>, promptly as statements therefor are received, <u>the reasonable fees and expenses of such counsel for the Indemnified Parties</u> (which may not exceed one firm in any jurisdiction),
>
>(ii) the Indemnified Parties will cooperate in the defense of any such matter,
>
>(iii) the Indemnifying Party shall not be liable for any settlement effected without its prior written consent and
>
>(iv) the Indemnifying Party shall have no obligation hereunder in the event that indemnification of an Indemnified Party in the manner contemplated hereby is prohibited by applicable laws and regulations.

Pl.'s Mot. for Summ. J., Exh. 1 at 35 (emphasis added).

In addition, Section 6.9 specifically addresses the issue of advancement, Article VIII(b) of the S.F. Bank Articles of Incorporation, referenced in Section 6.9(a) of the Merger Agreement, include a provision for advancement:

>Unless a determination has been made that indemnification is not permissible, the Corporation shall make advances and reimbursements for expenses incurred by a Director or officer in a proceeding upon receipt of an undertaking from him to repay the same if it is ultimately determined that he is not entitled to indemnification.

Pl.'s Mot. for Summ. J., Exh. 2 at 4.[1]

**B. The Investigation and Demand for Advancement**

In 2006, the United States Attorney for the Eastern District of Virginia initiated a criminal investigation into allegations that various officers and directors of Southern Financial and S.F. Bank, including Plaintiffs, misrepresented material information in connection with

---

[1] The Articles of Incorporation for Southern Financial, referenced in the Merger Agreement, likewise include a provision for advancement. *See* Pl.'s Mot. for Summ. J., Exh. 3 at Article III, Paragraph C. However, as the Court finds that both Plaintiffs Porter and Sandridge have advancement rights from their respective employment as a director and officer of S.F. Bank, the Court need not decide whether the advancement provision of the Articles of Incorporation for Southern Financial may apply to Plaintiff Porter individually.

certain lending activities of S.F. Bank. During the course of this investigation, Plaintiffs retained legal counsel. Plaintiffs now seek advancement for legal fees incurred to date as well as future legal fees incurred in connection with the U.S. Attorney's investigation.

In 2006 and 2007, Plaintiffs demanded that Defendant advance their legal expenses in connection with the investigation.[2] Plaintiffs have offered to provide, but have not actually provided, Defendant with statements (1) of their good-faith belief that they have met the legal standards for indemnification of corporate directors and officers and (2) undertaking an agreement to repay any funds advanced to Plaintiffs by Defendant if it is ultimately determined that Plaintiffs are not entitled to indemnification. Further, Defendant has not finished its determination under the S.F. Bank Articles of Incorporation as to whether it is permissible for Defendant to indemnify Plaintiffs. *See* Davis Aff. ¶ 9. To date, Defendant has refused to advance Plaintiffs' legal expenses.

## II. Standard for Summary Judgment

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1985). In ruling on a motion for summary judgment, a court should accept the evidence of the non-movant, and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

---

[2] Two law firms have demanded advancement for costs and expenses on behalf of Plaintiffs. On October 17, 2006, counsel representing both Plaintiffs from the firm of Bracewell & Giuliani, LLP submitted a demand to Defendant for indemnification for work performed in connection with the investigation. On March 9, 2007, counsel for Plaintiff Sandridge from the firm of Morrison & Foerster, LLP reiterated Plaintiff Sandridge's demand to Defendant for advancement.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). To overcome a motion for summary judgment, the opposing party must go beyond the pleadings and mere allegations and "by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324.

Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *see also Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the opposing party's favor. *Anderson*, 477 U.S. at 248. Thus, mere speculation by the non-moving party "cannot create a genuine issue of material fact." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).

**III. Discussion**

**A. Applicable Law**

As this Court's jurisdiction is based on upon diversity of citizenship, the Court applies the choice-of-law rules of the forum state, in this case Virginia, in its analysis of a choice-of-law provision. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Section 13.6 of the Merger

Agreement declares that "[a]ll questions concerning the validity, operation and interpretation of this Agreement and the performance of the obligations imposed upon the parties" shall be governed by Maryland law. *See* Pl.'s Mot. for Summ. J., Exh. 1 at Section 13.6**.** Generally, Virginia law follows choice-of-law provisions, and thus this Court will enforce Section 13.6 and apply Maryland law. *Union Cent. Life Ins. Co. v. Pollard*, 26 S.E. 421 (Va. 1896).

**B. Contract Interpretation under Maryland Law**

Under Maryland law, the interpretation of a contract, including the determination of whether a contract is ambiguous, is a question of law. *Wash. Metro. Area Transit Authority v. Potomac Invest. Prop., Inc.*, 476 F.3d 231, 234 (4th Cir. 2007). Only an unambiguous writing justifies granting summary judgment without resort to extrinsic evidence. *Id.* at 235. Thus the first step is to determine whether, as a matter of law, the contract is ambiguous or unambiguous on its face. *Id.* If the court properly determines that the contract is unambiguous, it may then properly interpret the contract as a matter of law and grant summary judgment. *Id.*

Maryland has long adhered to the law of objective interpretation of contracts. *See Auction & Estates Rep., Inc. v. Ashton*, 731 A.2d 441, 444 (Md. 1999). In Maryland, a court's task in interpreting a contract can be summarized as:

> A court must determine from the language of the agreement itself what a reasonable person in the position of the parties would have meant at the time it was effectuated. In addition, when the language of the contract is plain and unambiguous there is no room for construction, and the court must presume that the parties meant what they expressed. In these circumstances, the true test of what is meant is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant. Consequently, the clear and unambiguous language of the agreement will not give away to what the parties thought that the agreement meant or intended it to mean.

*Id.* 731 A.2d at 445 (referring to *Calomiris v. Woods*, 727 A.2d 358, 363 (Md. 1999)).

**C. Advancement under the Merger Agreement**

Initially, the issue of contract interpretation before this Court is limited to advancement of legal fees under the Merger Agreement and those agreements incorporated by the Merger Agreement. Plaintiffs have asked this Court to order advancement of legal fees, not to make a determination regarding indemnification. Thus, this Court need only consider those issues of contract interpretation directly related to advancement of legal fees to a director or officer and need not interpret the provisions in the Merger Agreement and the other incorporated agreements relating exclusively to indemnification.

**1. Post-Merger Liability of Defendant**

Maryland Code provides that after a consolidation or merger, the "successor is liable for all debts and obligations of each nonsurviving corporation[.]" Md. Code Ann., Corporations and Associations, § 3-114(e)(1) (2007); *see also Baltimore Luggage Co. v. Holtzman*, 562 A.2d 1286, 1290 (Md. 1989). Pursuant to Section 1.1 of the Merger Agreement, Defendant became the "Continuing Corporation" of Provident and Southern Financial. Thus, as a successor in interest to Southern Financial and S.F. Bank, Defendant is liable for the obligations of Southern Financial and S.F. Bank.

**2. Advancement under Section 6.9(b) of the Merger Agreement**

Section 6.9(b) of the Merger Agreement is the triggering provision for indemnification

under Section 6.9. Accordingly, Section 6.9(b) requires that a party seeking indemnification promptly notify the Indemnifying Party of the investigation. On October 17, 2006, Plaintiffs' counsel sent Defendant a letter notifying it of the FBI investigation. *See* Davis Aff., Exh. A at 1. Defendant does not contest that Plaintiffs' timely and effectively notified it of the pending investigation. Therefore, the Court finds that Plaintiff has satisfied the notice requirement in Section 6.9(b).

In the event of such notification of an indemnification claim, Section 6.9(b) has four additional requirements. Only the first requirement is applicable to the discussion of advancement issue.[3] Under Section 6.9(b)(i), Defendant has the opportunity to assume defense of any officers or directors under investigation. When the Indemnifying Party chooses not to assume the defense for the Indemnified Parties,[4] Section 6.9(b)(i) clearly states that the Indemnified Parties may retain counsel and the Indemnifying Party shall pay the reasonable fees and expenses.

Defendant contends that Plaintiffs as a group should be limited to one law firm per jurisdiction which is reasonably satisfactory to Defendant[5]. Defendant argues that the Merger Agreement collectively limits its obligation to indemnify (and presumably to advance) fees and

---

[3]As the three remaining requirements appear to apply only when a party is seeking indemnification, the Court need not address these to determine if Plaintiffs are entitled to advancement.

[4]Section 6.9(b) does not contain a deadline by which Defendant must decide if it will assume the defense of an officer or director following notification. Further, Defendant has not explicitly stated in any pleadings or exhibits that it has decided not to assume the defense of Plaintiffs. However, all evidence of Defendant's action or inaction make it clear that Defendant has declined to assume the defense of Plaintiffs.

[5]Defendant repeatedly argues that Plaintiffs should be limited to counsel which is "reasonably satisfactory" to Defendant. However, Defendant does not state or provide any reasons why any of the law firms which represent Plaintiffs might not meet this "reasonably satisfactory" standard. Absent specific reasons, the Court sees no reason to presume that the law firms which represent Plaintiffs are not "reasonably satisfactory."

expenses of one law firm per jurisdiction. As Plaintiffs have employed at least two law firms in connection with the U.S. Attorney's investigation, Defendant argues that, at most, it should be responsible for advancing fees for one firm alone. Defendant further argues even if a single law firm could not represent all officers and directors due to potential conflicts of interest, that the Court should not redraft the terms of the agreement, merely to avoid a hardship for Plaintiffs.

The Court disagrees, as Defendant's interpretation of the Merger Agreement would lead to a result in this case that is incongruous with both ethical rules on conflicts of interest and the Sixth Amendment. "Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). Although permitting a single attorney to represent co-defendants is not *per se* a violation of the Sixth Amendment, the Supreme Court held that when confronted with a possible conflict of interest, a court must take adequate steps to ascertain whether the conflicts warrant separate counsel. *Wheat v. United States*, 486 U.S. 153, 159-160 (1988). To that end, the Federal Rules of Criminal Procedure direct trial judges to specially investigate all cases involving joint representation and personally advise each defendant of the right to separate representation. *See* Fed. R. Crim. P. 44(c).

Here, it appears that the U.S. Attorney has undertaken a *criminal* investigation of Plaintiffs and other officers and directors *as a group*, creating a high probability of a conflict of interest between Plaintiffs. Thus, it is reasonable that Plaintiffs may be co-defendants with adverse interests or at the very least witnesses against one another.

The contract construction rules of Maryland do not, as Defendant suggests, bind this Court to an interpretation that would transgress these ethical rules and constitutional principles.

Maryland's highest court has recognized "a well established rule that where two provisions of a contract are seemingly in conflict, they must if possible, be construed to effectuate the intention of the parties as collected from the whole instrument, the subject matter of the agreement, the circumstances surrounding its execution, and its purpose and design." *Canaras v. Lift Truck Serv. Inc.*, 322 A.2d 866, 874 (Md. 1974). If a reconciliation can be effected by a reasonable interpretation, then the court should undertake such an interpretation. *Id.* (internal citations omitted).

In this case, the "fullest extent" language in Section 6.9(a) was intended to provide an indemnification right for current officers and directors and to preserve any existing rights for officers and directors of Southern Financial and its subsidiaries. However, the "one law firm" provision appears on its faces to seriously undercut these rights, particularly in the context of a criminal investigation or prosecution. Nonetheless, it is clear to the Court that the overall purpose and design of Section 6.9 is to provide an indemnification and advancement right to officers and directors. Thus, in order to effectuate this intent, the Court finds that the reasonably prudent person, armed with the knowledge of *Wheat* and Rule 44(c), would interpret the Merger Agreement as advancing fees and expenses for one law firm per jurisdiction per indemnified party, not a single law firm for all indemnified parties. Therefore, as the Court finds that by the unambiguous terms of Section 6.9(b), Plaintiffs are entitled to advancement of reasonable fees and expenses.[6]

---

[6] Further, the Court is not persuaded by the Defendant's unclean hands argument. Defendant contends that Plaintiffs should not be entitled to indemnification or advancement because by ordering this benefit the court would be assisting a party in escaping the consequences of his wrongdoing. Initially, the Court reiterates that this proceeding is about Plaintiffs' rights to advancement of legal fees, not indemnification. Further, Plaintiffs have not been found guilty or even indicted on any criminal charges and thus, at present, there are no consequences to escape. Thus, Defendant's unclean hands argument has no merit.

**3. Advancement under Section 6.9(a) of Merger Agreement**

In addition to the advancement rights from Section 6.9(b), Section 6.9(a) also entitles Plaintiffs to advancement because this section expressly incorporates by reference the advancement provisions of S.F. Bank Articles of Incorporation. In Maryland, "it is settled that where a writing refers to another document that other document, or so much of it as is referred to, is to be interpreted as part of the writing." *Ray v. Eurice & Bros, Inc.*, 93 A.2d 272, 279 (Md. 1952). Here, Section 6.9(a) of the Merger Agreement requires indemnification for present and former directors and officers for proceedings arising out of their employment "to the fullest extent which such Indemnified Parties would be entitled" under the Articles of Incorporation of Southern Financial and its subsidiaries, including S.F. Bank. Thus, the Merger Agreement contemplates an indemnification provision for directors and officers as provided specifically in Section 6.9(a) as well as incorporates whatever provisions had been previously provided to those directors and officers when they were employed by Southern Financial or one of its subsidiaries.[7] Since both Plaintiffs were employed by S.F. Bank, Plaintiffs may request advancement under provisions of the S.F. Bank Articles of Incorporation as incorporated in the Merger Agreement.

---

[7] Defendant contends that following the effective date of the merger, that Southern Financial and S.F. Bank ceased to exist as separate entities and thus their articles of incorporation are extinguished and that Defendant's own articles of incorporation will be the effective articles of incorporation. Thus, Defendant argues that Plaintiffs can not incorporate advancement provisions from the S.F. Bank Articles of Incorporation as they are no longer in effect. The effectiveness of the Articles of Incorporation of S.F. Bank and Southern Financial as "articles of incorporation" is not relevant to the advancement issue. Rather, the use of the "fullest extent" language in the Merger Agreement clearly indicates that the parties intended to preserve any existing advancement rights which Southern Financial or its subsidiaries had provided to their employees under those Articles of Incorporation. Thus, the Merger Agreement incorporates by reference the Articles of Incorporation for Southern Financial and its subsidiaries, not as effective "articles of incorporation" after the merger, but rather as a memorialization of the employees' prior advancement rights.

Under the advancement provisions of the S.F. Bank Articles of Incorporation,[8] S.F. Bank shall "make advances and reimbursements for expenses" unless S.F. Bank has made a determination that indemnification is not permissible. If such a determination has not been made, then the director or officer qualifies for advancement once the director or officer has provided S.F. Bank with an "undertaking from him to repay" the advancement if it is later determined that he was not entitled to the indemnification. Pl.'s Mot. for Summ. J., Exh. 2 at 4.

In this case, no adverse determination has been made. *See* Davis Aff. ¶ 9. However, Plaintiffs have promised, but not actually provided, Defendant with the specified undertaking. Nonetheless, it is clear to this Court that if Plaintiffs were to provide such an undertaking, then they would be entitled to advancement under the S.F. Bank Articles of Incorporation.

In sum, the Court finds that the Merger Agreement and those agreements incorporated by the Merger Agreement are unambiguous on their face and thus this Court can interpret the meanings of these agreements as a matter of law. Based on this interpretation, the Court finds that Defendants are contractually obligated to advance legal fees and expenses to Plaintiffs under Section 6.9(b) of the Merger Agreement, as well as under the S.F. Bank Articles of Incorporation, once Plaintiffs provide the required undertaking.

---

[8] Defendant argues that the Merger Agreement authorizes Defendant to advance fees and costs only the extent permitted by Virginia law, as specified in the Southern Financial Articles of Incorporation. Specifically, Defendant points to the 2004 version of Va Code § 13.1-699 (2006), Advance for Expenses. Initially, the Court notes that the S.F. Bank Articles of Incorporation make no reference to any Virginia statutes on advancement. More important, the Court finds that Section 13.1-699, in both the 2004 and current versions, appears to codify a procedure for advancement when a director requests advancement but a corporation does not have a pre-existing advancement procedure. This statute does not, as Defendant contends, create additional requirements for advancement procedures that have already been approved by a corporation's board of directors or shareholders. In this case, as the S.F. Bank Articles of Incorporation contain advancement provisions, the Court finds the Virginia statute is inapplicable and therefore does not create additional requirements in order for an officer or director to receive advancement.

## IV. Analysis

### A. Breach of Merger Agreement

In Maryland, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. Nationsbank, N.A.*, 776 A.2d 645, 651 (Md. 2001). Further, anticipatory breach of contract creates an immediate right of action. Anticipatory breach of contract requires "a definite and unequivocal manifestation of intention on the part of the repudiator that he will not render the promised performance when the time fixed for it in the contract arrives." *Harrell v. Sea Colony, Inc.*, 370 A.2d 119, 123 (Md. Ct. Spec. App. 1977).

In this case, the Court has found that Defendant has an obligation under Section 6.9(b) of the Merger Agreement to advance legal expenses and fees to qualified officers and directors. The parties do not dispute that Plaintiffs are a former officer and a former director of Defendant's subsidiaries; that there is an ongoing criminal investigation of Plaintiffs' actions in connection with matters while Plaintiffs' were employed by Defendant; and that Plaintiffs have incurred legal fees and expenses related to this investigation. Thus, by notifying Defendants of this investigation, Plaintiffs have met their obligations under Section 6.9(b) and are entitled to an advancement of legal fees and expenses. As Defendant has failed to make such advancements, Defendant is in breach of contract under Section 6.9(b) of the Merger Agreement.

Alternatively, measured against the standard for anticipatory breach of contract, the Court finds that Defendant's refusal to provide the advancement, as required the S.F. Bank Articles of Incorporation, in the face of Plaintiffs' offer to make the undertaking, is a sufficient manifestation of intent to breach the contract. Defendants contend that Plaintiffs have failed to

provide adequate information for Defendant's indemnification determination. Whether or not this is the case, Defendant cannot delay this indemnification determination as a means to avoid its contractual obligation to provide advancement to Plaintiffs. Thus, this Court finds that Defendant has repudiated its advancement obligation under the S.F. Bank Articles of Incorporation and therefore, is in breach of contract. Once Plaintiffs provided the undertaking, as specified in the Article VIII, paragraph b of the S.F. Articles of Incorporation, then Plaintiffs are entitled to an advance for legal fees and expenses from Defendant.

**B. Reimbursement for Expenses to Obtain Advancement Order**

As this Court's jurisdiction is based on upon diversity of citizenship, the Court applies the law to be applied is the law of the forum state, in this case Virginia. *Erie R.R. Co. V. Tompkins*, 304 U.S. 64, 78 (1938); *see also* 28 U.S.C. § 1652 (2006). In Virginia, if a court determined that an individual is entitled to an advancement, then the individual is also entitled to the reasonable expenses incurred to obtain the order. Va. Code § 13.1-700.1. As the Court has found that Plaintiffs are entitled to advancement of legal fees and expenses related to the ongoing criminal investigation by the U.S. Attorneys' office, Plaintiffs are also entitled to the reasonable expenses incurred in bringing this action to obtain advancement.

**V. Conclusion**

Accordingly, the Court finds that Plaintiffs are entitled to advancement under Section 6.9(b) of the Merger Agreement, as well as under the S.F. Bank Articles of Incorporation, and entitled to reimbursement for fees and expenses related to bringing this action.

    An appropriate order will issue.

                                                                       /s/
                                                  Liam O'Grady
                                                  United States District Judge

Alexandria, Virginia